IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

|  |  |  |
|---|---|---|
| | § | |
| IN RE:  LUKE D. LATSON | § | CIVIL ACTION NO. 9:24cv111 |
| | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Luke D. Latson, an inmate confined at the Gib Lewis Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, submitted a letter to the United States District Court for the Eastern District of Pennsylvania inquiring about the process for filing a complaint.  The submission was interpreted as a complaint and the resulting action was transferred to the Eastern District of Texas, where plaintiff is confined.

The above-styled action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 and the Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Discussion

Plaintiff submitted a letter inquiring about the process for filing a class action civil rights complaint pursuant to 42 U.S.C. § 1983.  Plaintiff has not named any of his fellow inmate plaintiffs nor has he named any defendants.  Plaintiff's submission, interpreted liberally, is construed as a request for an advisory opinion.

Standard of Review

An in forma pauperis proceeding may be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) if it: (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted or (3) seeks monetary relief from a defendant who is immune from such relief.

A complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Geiger v. Jowers,* 404 F.3d 371, 373 (5th Cir. 2005); *McCormick v. Stalder*, 105 F.3d 1059, 1061

(5th Cir. 1997).   A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory.  *See Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997).

In addition to the legal basis of the complaint, Section 1915 empowers the court to pierce the veil of the complainant's factual allegations if they are clearly baseless.  *Denton v. Hernandez,* 504 U.S. 25, 32 (1992); *Ancar v. Sara Plasma, Inc.,* 964 F.2d 465 (5th Cir. 1992).  A complaint lacks an arguable basis in fact if, after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless*.  Denton*, 504 U.S. at 32.

In *Denton v. Hernandez*, the Supreme Court "declined the invitation to reduce the clearly baseless inquiry to a monolithic standard."  *Denton*, 504 U.S. at 33.  Examples of complaints within the clearly baseless inquiry are those which describe fanciful, fantastic, or delusional scenarios.  A complaint is factually frivolous if the facts alleged rise to the level of the irrational or wholly incredible.  Pleaded facts which are merely improbable or strange, however, are not clearly baseless for Section 1915(d) purposes. *Id.*

A complaint fails to state a claim upon which relief may be granted if the factual allegations are not sufficient to raise a right to relief above the speculative level.  *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 1965, 167 L.Ed.2d 929 (2007).  Dismissal for failure to state a claim is appropriate when the plaintiff has failed to plead "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. 544, 570).  Plaintiffs must state enough facts to "nudge[] their claims across the line from conceivable to plausible." *Twombly*, 550 U.S. 544, 570.

In considering whether to dismiss a complaint for failing to state a claim upon which relief may be granted, all factual allegations in the complaint must be taken as true and construed favorably to the plaintiff.  *Fernandez-Montes v. Allied Pilots Assoc*., 987 F.2d 278, 284 (5th Cir. 1993).  However, conclusory allegations will not suffice to prevent dismissal for failure to state a claim. *Id.*

2

Analysis

*Standing*

Article III, § 2 of the Constitution limits federal court jurisdiction to actual cases and controversies. *Spencer v. Kemna,* 523 U.S. 1, 7, 118 S. Ct. 978, 140 L. Ed. 2d 43 (1998). As a result, the exercise of federal court jurisdiction "depends on the existence of a case or controversy, and a federal court lacks the power to render advisory opinions." *United States National Bank v. Independent Insurance Agents of America, Inc.*, 508 U.S. 439, 446 (1993). District courts do not sit to decide hypothetical issues or to give advisory opinions. *United States v. Cook*, 795 F.2d 987, 994 (5th Cir. 1986).

Plaintiff's request for an advisory opinion does not present a case or controversy. *See Juidice v. Vail*, 430 U.S. 327, 331 (1977) (presenting a justiciable case or controversy is a jurisdictional requirement which the court has an obligation to examine *sua sponte*); *see also U.S. v. One 18th Century Colombian Monstrance*, 797 F.2d 1370, 1374 (5th Cir. 1986). Federal courts do not " 'sit to decide hypothetical issues or to give advisory opinions about issues as to which there are not adverse parties before [them].' " *Cook*, 795 F.2d at 994 (*quoting Princeton University v. Schmid*, 455 U.S. 100, 102 (1982)). Accordingly, plaintiff's request for an advisory opinion should be denied. As a result, this action dismissed as improvidently filed.

The Clerk of Court should be directed to forward to plaintiff copies of this district's Prisoner Civil Rights Complaint form for plaintiff to use when later filing a new complaint.

Recommendation

Plaintiff's complaint should be dismissed without prejudice. The Clerk of Court is **DIRECTED** to forward to plaintiff copies of this district's Prisoner Civil Rights Complaint form for use when later filing a new complaint.

<u>Objections</u>

Within fourteen days after being served with a copy of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen days after service shall bar an aggrieved party from the entitlement of *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

SIGNED this 21st day of June, 2024.

_____
Zack Hawthorn
United States Magistrate Judge